UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROLLERS T. FLEMING<br>AKA MALEKK X SHABAZZ,<br><br>                 Petitioner,<br><br>   v.<br><br>PAT GLEBE,<br><br>                 Respondent, | Case No. C09-5678RBL<br><br>ORDER |

    This habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. Before the court is a motion filed by petitioner on December 21, 2010. Doc. 8. After reviewing the matter, the court finds and orders as follows:

    1.     On November 4, 2009, the court directed petitioner to either file an amended petition or supplemental materials to support his challenge to his state conviction and sentence. The court found that the current petition fails to state the grounds upon which he is basing his request for the writ, fails to state whether these grounds were appealed in the original court

ORDER - 1

action, and fails to provide necessary information for a determination on his petition, including the dates when other courts decided the appeals. Doc. 6.

2. In response, petitioner filed the instant motion, which is titled as a motion to amend or modify the petition. Review of the motion, however, reveals that petitioner is asking to: (i) remove a non-respondent from the petition; (ii) appoint counsel; and (iii) request an evidentiary hearing. Petitioner also argues that he is actually innocent. In his 55-page document Petitioner quotes biblical scripture, explains his opinions regarding judges and juries, among other things, and presents portions of briefs from other cases. The court notes that the motion exceeds the page limitation set forth in Local Rule CR 7.

3. The court previously denied petitioner's request for counsel, and the request to reconsider this issue is DENIED. Petitioner has failed to set forth any new evidence or argument that would warrant reconsideration of that issue at this time.

4. Petitioner's request for an evidentiary hearing is also DENIED. Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Here, the petition remains incomplete. Respondent has not been asked to file an answer to the petition. It is premature to consider whether or not an evidentiary

hearing is necessary, because without a complete petition and answer the court is unable to determine if any relevant factual dispute exists.

5. Most significantly, petitioner's pleadings do not address the deficiencies in his petition that have previously been raised by this court. For instance, petitioner has not provided a concise statement setting forth each of the grounds or arguments he is making to challenge his state conviction and sentence and petitioner has not fully explained how each of those grounds has been properly exhausted prior to filing this federal petition for writ of habeas corpus. As a threshold issue the Court must determine whether or not petitioner has properly presented his federal habeas claims to the state courts. 28 U.S.C. § 2254 (b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).

6. Petitioner will be granted one last opportunity to file an amended petition that cures the defects outlined in the court's November 4, 2009, order. The amended petition must be submitted on the court's approved form for habeas petitions. Local Rule 100. The amended petition shall be filed with the court clerk on or before **February 26, 2010.** Failure to comply with this order will result in a Report and Recommendation that this petition be dismissed for failure to prosecute, failure to comply with a court order, and for the defects in the original petition.

7. Petitioner's requests contained within his motion (Doc. 8) are **DENIED**. The Clerk is directed to note the **February 26, 2010**, deadline on the court's motion calendar and send petitioner a blank form for habeas corpus petitions.

DATED this 1st day of February, 2010.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge